IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHRISTINA LaSHAUN FLOWERS  # 08652-043**                                  **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 3:16cv390-TLS-RHW**

**SHERIFF RANDY TUCKER,** *et al***.**                                              **DEFENDANTS**

### REPORT AND RECOMMENDATION

This *pro se* prisoner civil rights case came before the Court for a duly noticed *Spears*/omnibus hearing scheduled for Thursday, March 2, 2017 at 1:30 p.m., before United States Magistrate Judge Robert H. Walker at the United States Courthouse in Jackson, Mississippi in Courtroom 6B. Because Plaintiff failed to appear for the hearing, the undersigned recommends that this case be dismissed.

### Facts and Procedural History

While imprisoned at the federal Satellite Camp Prison at Aliceville, Alabama, Christina Flowers, Bureau of Prisons (BOP) Inmate Number 08652-043, filed this lawsuit against seven Madison County law enforcement officers, and a doctor and four nurses who provide medical care to inmates in the Madison County Jail. The complaint, signed May 9, 2016, was received and filed by the clerk on May 26, 2016. Flowers alleged the Madison County officers unlawfully detained her in the County jail and were deliberately indifferent to her serious medical needs, and that the medical care providers were also deliberately indifferent and committed medical malpractice in treating her during her confinement in the jail in 2015. Flowers was released from confinement August 12, 2016 according to the BOP web site.

By October 5, 2016, eleven of the twelve defendants had waived service and answered the lawsuit. Officer Unknown Hammond was not served, and the Madison County Sheriff's

Department was unable to identify any employee named Hammond. On September 7, 2016, the Court ordered Flowers to provide sufficient information by October 7, 2016 to allow for service on Hammond, warning Flowers that her failure to timely comply might result in the dismissal of Defendant Officer Hammond. [38] Flowers did not respond to the order. On October 11, 2016, the Court ordered Flowers to show cause why Hammond should not be dismissed from the case. [50] Flowers has never responded to the order to show cause.

On October 12, 2016, the Court entered an order setting the case for an omnibus hearing before the undersigned on October 26, 2016 at 9:00 a.m. at the United States Courthouse in Jackson, Mississippi in Courtroom 6B. Due to a death in the family, the undersigned was unable to attend on October 26, 2016, and United States Magistrate Judge F. Keith Ball covered the scheduled hearing, at which the then free-world plaintiff failed to appear. Counsel for the defendants were present for the hearing. See, 10/26/2016 Minute Entries.

On November 9, 2016, Flowers wrote the Clerk stating she was served with the order setting the October 26, 2016 hearing, and that she:

> ... missed this hearing due to being sick with Crohn's disease. I was diagnosed at the University Mississippi Medical Center in Jackson, Mississippi. Attached is a copy of this diagnosis. I am asking that the courts reschedule me another hearing.

[52] Attached to this document is a University of Mississippi Medical Center discharge summary dated September 10, 2016 containing a medication list and bearing a handwritten note under the comments section next to the medication azathioprine "for Chron's (*sic*) Disease." *Id.*

On December 9, 2016, the Court entered an order setting the matter a second time for omnibus hearing, this time on February 22, 2017 at 10:00 a.m. before the undersigned at the United States Courthouse in Jackson, Mississippi in Courtroom 6B. By Order [54] entered on January 24, 2017, the matter was subsequently re-set for hearing on March 2, 2017 in Courtroom

6C.  On February 27, 2017, the Court reset the location of the March 2, 2017 hearing from Courtroom 6C to Courtroom 6B.  Counsel for the defendants were again present for the hearing, but Flowers failed to appear.

As the record of the proceedings reflects, at 1:30 p.m. on March 2, 2017 the undersigned called Flowers' name three times in Courtroom 6B, and received no response.  At the direction of the undersigned, the deputy court clerk went into the hallway and called Flowers' name and received no response.  The undersigned also required the deputy court clerk to go to Courtroom 6C to call Flowers' name.  There was no response in either courtroom or hallway.  At 1:45 p.m., the undersigned again had the deputy court clerk go to both courtrooms and hallways to look and call for Flowers.  Again there was no response.  Finally, the undersigned instructed the deputy court clerk to contact the court security officer at the front desk of the courthouse to determine whether anyone had entered the courthouse during the pertinent time frame.  Security responded in the negative.

Although the Court has repeatedly warned Flowers that it is her responsibility to prosecute her case and that failure to comply with any order of the Court might result in dismissal of her lawsuit,[1] she has failed to comply with the orders of the Court and failed to appear for two duly noticed hearings.

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that this case be dismissed without prejudice for Plaintiff's failure to comply with the Court's orders and failure to prosecute.

---

[1] See Orders [6], [7], [11], [38] and [39].

## NOTICE OF RIGHT TO APPEAL/OBJECT

Parties have 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the Report and Recommendation. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. An opposing party has seven days after being served with objections, to serve and file a response or to notify the District Judge he does not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 3rd day of March, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE